IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| TIMOTHY SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:17cv__560__ |
| ) | |
| NORFOLK DREDGING COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff Timothy Scott, and, for his Complaint against Defendant, alleges and says as follows:

1. This is an action by Plaintiff pursuant to 29 U.S.C. § 216(b) to recover compensatory and liquidated damages, attorney fees, and other relief from Defendant for violations of the Fair Labor Standards Act ("FLSA").

**PARTIES**

2. Plaintiff Timothy Scott is a citizen and resident of Chesapeake, Virginia.

3. Defendant Norfolk Dredging Company ("NDC") is a Virginia corporation with its principal and registered offices in Chesapeake, Virginia.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331.

5. A substantial part of the events and omissions giving rise to Plaintiff's claim occurred in this district. The unpaid wages sought in this action were earned in this district. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and Local Civil Rule

3.

## FACTUAL ALLEGATIONS

6.  NDC is an enterprise engaged in commerce with annual gross receipts of more than $500,000.  NDC is a covered employer under the Fair Labor Standards Act.

7.  For the entire period of his employment by NDC, Plaintiff was engaged in interstate commerce.  Plaintiff's work was closely related to the instrumentalities of commerce in that he was engaged in the maintenance and production of dredges for use in interstate commerce.

8.  Plaintiff worked for NDC from October 27, 2014, through August 7, 2017.

9.  From October 2014 to July 2015, Plaintiff's duties consisted of performing repairs on and installing equipment at NDC's yard facility and on NDC's dredges.  From July 2015 through August 2017, Plaintiff's duties consisted predominantly of installing equipment and foundations for equipment on a dredge NDC was constructing.

10. Throughout this period, Plaintiff's primary duties were ordinary production work. He did not customarily and regularly direct the work of two or more employees of NDC, did not hire or fire employees or have particular weight given to his input, and did not manage a department of NDC.  Plaintiff worked under the supervision of NDC's yard supervisors.  The yard supervisors controlled work assignments and employment decisions.  NDC required Plaintiff to punch a timeclock.

11. Despite the non-exempt nature of Plaintiff's duties, NDC classified him as exempt from the overtime provisions of the FLSA.  NDC did so based on his job title and salary, ignoring the actual duties of Plaintiff's employment of which it was well aware.

12. During the period of his employment, Plaintiff worked more than 40 hours in 6

workweeks in 2014, 34 in 2015, 30 in 2016, and 6 in 2017 without payment of the overtime pay required by law.  In each such week, he is owed overtime wages, and in total he is owed in excess of $14,000 in unpaid overtime wages.  The exact amount of unpaid overtime wages cannot be calculated until Plaintiff has access to NDC's time records.

13. NDC had knowledge of the hours Plaintiff was working through its timekeeping system and the supervision of Plaintiff performed by its yard supervisors.

14. NDC knew that the FLSA was applicable to its employees and did so for the three years preceding the filing of the Complaint.  NDC paid overtime wages to its employees who worked more than 40 hours per week and whom it had not misclassified.  NDC knew or showed reckless disregard as to whether it was violating the FLSA in its classification of Plaintiff.

## CLAIM FOR RELIEF

15. The allegations in paragraphs 1 through 14 above are incorporated by reference as if fully set forth herein.

16. Plaintiff worked in excess of 40 hours in some workweeks and was not paid the overtime pay required by law.

17. NDC knew or showed reckless disregard for the matter of whether its failure to pay overtime pay was prohibited by law.

18. Plaintiff has been damaged from NDC's failure to pay the overtime pay required by law.

WHEREFORE, Plaintiff respectfully prays the Court:

1. That Plaintiff recover unpaid overtime wages, liquidated damages, attorney fees, and other relief by reason of NDC's violations of the FLSA;

2. For a trial by jury on all issues so triable; and,

3. For such other and further relief as the Court may deem just and proper.

This the 23d day of October, 2017.

**TIMOTHY SCOTT**

/s/
_____
Counsel

James R. Theuer (VSB #68712)
JAMES R. THEUER, PLLC
555 E. Main St., Suite 1212
Norfolk, VA  23510
Tel: (757) 446-8047
Fax: (757) 446-8048
jim@theuerlaw.com