IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TIMOTHY SCOTT )
 )
    Plaintiff, )
 )
v. ) Case No. 2:17-cv-560
 )
NORFOLK DREDGING COMPANY )
 )
    Defendant. )

## ANSWER TO COMPLAINT

Defendant Norfolk Dredging Company, by counsel, for its Answer to Plaintiff's Complaint, hereby states as follows:

1.    Defendant admits that Plaintiff has filed a Complaint alleging a violation of the Fair Labor Standards Act ("FLSA"), as alleged in Paragraph 1 of the Complaint. Defendant denies that Plaintiff is entitled to any relief or that Defendant engaged in any unlawful conduct.

### PARTIES

2.    Defendant is without sufficient information to admit or deny the allegation contained in Paragraph 2 of the Complaint and on that basis denies it.

3.    Defendant admits the allegations contained in Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4.    Defendant admits that this Court has subject matter jurisdiction as alleged in Paragraph 4 of the Complaint.

5.    Defendant admits that venue is proper in this Court. Defendant denies that Plaintiff has an actionable claim or is entitled to any recovery.

I-1513968.1

## FACTUAL ALLEGATIONS

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that during Plaintiff's employment with Defendant, he engaged in activities that affected interstate commerce. To the extent that the allegations contained in Paragraph 7 are inconsistent with the foregoing, they are denied.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff used a timeclock. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that it determined Plaintiff was an exempt employee under the Fair Labor Standards Act. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that it has some, but not all knowledge of the hours Plaintiff reported that he worked. To the extent the allegations in Paragraph 13 are inconsistent with the foregoing they are denied.

14. Defendant admits that it paid and continues to pay its non-exempt employees overtime for hours worked in excess of 40 in a workweek. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

## CLAIM FOR RELIEF

15. Defendant incorporates by reference its response in Paragraph 1 through 14 as if fully set forth herein.

16. Defendant admits that Plaintiff worked in excess of 40 hours in some workweeks. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegation contained in Paragraph 18 of the Complaint.

Wherefore, Defendant asserts that Plaintiff is not entitled to any relief requested in his prayer for relief. Defendant therefore requests that the Court dismiss the Plaintiff's claim, with prejudice, and that Plaintiff recover nothing.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff's claim is barred by the equitable doctrines of laches, unclean hand, and/or estoppel.

### FOURTH DEFENSE

Plaintiff cannot assert a claim for overtime under the FLSA because he was an exempt employee under the "white collar" exemptions, including the Professional, Executive, Administrative, Highly Compensated, and/or Combination exemptions.

### FIFTH DEFENSE

Plaintiff cannot assert a claim for overtime under the FLSA because he was an exempt employee under the seaman exemption, 29 C.F.R. Part 783 *et seq.*

**SIXTH DEFENSE**

Plaintiff's claim is barred to the extent that it concerns hours during which he was engaged in activities that were preliminary or postliminary to his principle job activities and/or are otherwise not compensable activities under the FLSA.

**SEVENTH DEFENSE**

Defendant relied upon the Department of Labor's regulations in determining compensation, compensable time, and job classifications, and Defendant's actions were in good faith conformity with and/or reliance on administrative regulations, orders, rulings, approvals, interpretations, enforcement policies or practices of the Department of Labor.

**EIGHTH DEFENSE**

Any amount for attorneys' fees which Plaintiff claims is due could have been reduced or eliminated through pre-suit communications or the exercise of reasonable diligence by Plaintiff or his counsel.  Plaintiff is required to mitigate all claims and to the extent Plaintiff has failed to do so, Plaintiff's claim must be reduced.

**NINTH DEFENSE**

Plaintiff's claim is barred as to all hours allegedly worked which Defendant lacked actual knowledge or constructive knowledge.

**TENTH DEFENSE**

Plaintiff's claim is offset by any amounts owed to Defendant, including but not limited to, overpayments, and/or any compensation beyond which Plaintiff was entitled.

## ELEVENTH DEFENSE

Defendant's alleged failure to pay overtime wages to Plaintiff was based on Defendant's reasonable and good faith reliance on one or more exemption from the overtime requirements of the FLSA.

## TWELFTH DEFENSE

Some or all of the time allegedly worked is not recoverable pursuant to the *de minimis* doctrine and is therefore not compensable.

## THIRTEENTH DEFENSE

Defendant did not engage in any willful violation of the Fair Labor Standards Act.

## FOURTEENTH DEFENSE

Any alleged acted or omission by Defendant giving rise to the action was made in good faith and Defendant had reasonable grounds to believe that its acts and/or omissions did not violate the Fair Labor Standards Act.

## FIFTEENTH DEFENSE

Defendant reserves the right to assert additional affirmative or other defenses as Plaintiff's claim or claims are clarified during the course of litigation.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that the Court award Defendant the cost of its defense, including reasonable attorney's fees and such other relief as the Court deems appropriate.

I-1513968.1

          NORFOLK DREDGING COMPANY


By:   /s/ William M. Furr
William M. Furr (VSB No. 29554)
Phillip H. Hucles (VSB No. 87219)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia  23510-2243
wfurr@wilsav.com
phucles@wilsav.com
(757) 628-5500 (Telephone)
(757) 628-5566 (Fax)

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify on the 17th day of November 2017, I will electronically file the foregoing Answer to Complaint with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James R. Theuer, Esq.
JAMES R. THEUER, PLLC
555 E. Main Street, Suite 1212
Norfolk, Virginia 23510
(757) 466-8047 – Telephone
(757) 466-8048 – Facsimile
jim@theuerlaw.com


          /s/ William M. Furr
          William M. Furr

I-1513968.1